IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALFREDO CHAVEZ | ) | 1:07-cv-00194-AWI WMW HC |
| | ) | |
| Petitioner, | ) | ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS RE PETITION FOR WRIT OF HABEAS CORPUS AND GRANTING MOTION TO DISMISS |
| vs. | ) | |
| | ) | |
| JEFF WRIGLEY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | [Doc. 4, 5] |

Petitioner, a federal prisoner proceeding pro se, has filed an application for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On May 9, 2007, the Magistrate Judge entered findings and recommendations in this case, recommending that the petition for writ of habeas corpus be granted and Respondent be ordered to consider the appropriateness of transferring Petitioner to an RRC in light of the factors set forth in § 3621(b), not excluding any other factors deemed appropriate by the BOP, without reference to the BOP policy promulgated in December 2002 and without reference to the BOP's February 14, 2005, amendment to 28 C.F.R. § 570.21. Petitioner did not respond to these findings and recommendations.

On June 5, 2007, Respondent filed a motion to dismiss the petition as moot. In his motion, Respondent argues, and provides supporting evidence to show, that Petitioner has received the relief he has requested. Petitioner has not opposed or otherwise responded to the motion to dismiss.

The case or controversy requirement of Article III of the United States Constitution

deprives the court of jurisdiction to hear moot cases.  <u>Iron Arrow Honor Soc'y v. Heckler</u>, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); <u>NAACP., Western Region v. City of Richmond</u>, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  <u>Murphy v. Hunt</u>, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984).  The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them" <u>North Carolina v. Rice</u>, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* <u>Aetna Life Ins. Co. v. Hayworth</u>, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937).  To satisfy the Article III case or controversy requirement, a litigant "must have suffered some actual injury that can be redressed by a favorable judicial decision."  <u>Iron Arrow</u>, 464 U.S. at 70, 104 S.Ct. at 375; <u>Simon v. Eastern Ky. Welfare Rights Org.</u>, 426 U.S. 26, 38, 96 S.Ct. 1617, 1924 (1976); <u>NAACP, Western Region</u>, 743 F.2d at 1353.

        The court finds that in this case, the petition for writ of habeas corpus has become moot because Petitioner has received the relief he requested.  Accordingly, the petition must be dismissed.

        Based on the foregoing, IT IS HEREBY ORDERED as follows:

1)     The court declines to adopt the findings and recommendations entered by the Magistrate Judge on May 9, 2007;

2)     Respondent's motion to dismiss is GRANTED;

3)     The petition for writ of habeas corpus is DISMISSED; and

4)     The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:   December 6, 2007**　　　　　　　　　／s/ **Anthony W. Ishii**
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE